**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Lucille DiNello, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  09 C 7405 |
| | ) | |
| Credit Control, LLC, a Missouri limited | ) | |
| liability company, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Lucille DiNello, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) parts of the acts and transactions occurred here; and, b) Defendant transacts business here.

## PARTIES

3.      Plaintiff, Lucille DiNello ("DiNello"), is a citizen of the State of Connecticut, from whom Defendant attempted to collect a delinquent consumer debt owed for an Ameritech - Near Prime account, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, Credit Control, LLC ("Credit Control"), is a Missouri limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  From its offices in Illinois, Florida, Minnesota and Missouri, Credit Control operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  See, printout from Credit Control's website attached as Exhibit A.

5.      Defendant Credit Control is licensed to conduct business in Illinois, maintains a registered agent here, and has an office in Edwardsville, Illinois.  See, record from the Illinois Secretary of State attached as Exhibit B.

6.      Defendant Credit Control is licensed as a collection agency in Illinois. See, record from the Illinois Division of Professional Regulation attached as Exhibit C.

## FACTUAL ALLEGATIONS

7.      Ms. DiNello is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed for an Ameritech account.  When Defendant Credit Control began trying to collect the Ameritech-Near Prime debt from Ms. DiNello, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Credit Control's collection actions.

8.      On August 28, 2009, one of Ms. DiNello's attorneys at LASPD wrote to Defendant Credit Control, informing Credit Control that Ms. DiNello was represented by counsel, and directing it to cease contacting her, and to cease all further collection activities because Ms. DiNello was forced, by her financial circumstances, to refuse to

2

pay her unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit D.

9.       Nonetheless, Defendant Credit Control sent a collection letter, dated October 13, 2009, directly to Ms. DiNello, demanding payment of the Ameritech - Near Prime debt.  A copy of this letter is attached as Exhibit E.

10.      Accordingly, on November 4, 2009, Ms. DiNello's LASPD attorney had to send Defendant Credit Control another letter, directing it to cease communications and to cease collections.  Copies of this letter and fax confirmation are attached as Exhibit F.

11.      All of the collection actions at complained of herein occurred within one year of the date of this Complaint.

12.      Defendant Credit Control's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

13.      Plaintiff adopts and realleges ¶¶ 1-12.

14.      Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

15.      Here, the letter from Ms. DiNello's agent, LASPD, told Defendant Credit Control to cease communications and to cease collections (Exhibit D).  By continuing to

communicate regarding this debt and demanding payment, Defendant Credit Control violated § 1692c(c) of the FDCPA.

16.     Defendant Credit Control's violation of § 1692c(c) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

17.     Plaintiff adopts and realleges ¶¶ 1-12.

18.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

19.     Defendant Credit Control knew that Ms. DiNello was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing that she was represented by counsel, and had directed Defendant to cease directly communicating with Ms. DiNello (Exhibit D).  By directly sending Ms. DiNello a collection letter (Exhibit E), despite being advised that she was represented by counsel, Defendant Credit Control violated § 1692c (a)(2) of the FDCPA.

20.     Defendant Credit Control's violation of § 1692c(a)(2) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C.  § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Lucille DiNello, prays that this Court:

1.      Find that Defendant Credit Control's debt collection actions violated the

FDCPA;

2.      Enter judgment in favor of Plaintiff DiNello, and against Defendant Credit

Control, for statutory damages, costs, and reasonable attorneys' fees as provided by

§ 1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

### JURY DEMAND

Plaintiff, Lucille DiNello, demands trial by jury.

Lucille DiNello,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  November 25, 2009

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com